Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| FERNANDO COLÓN SERRANO<br><br>Recurrido<br><br>v.<br><br>MAURO IRANZO GONZÁLEZ Y OTROS<br><br>Peticionarios | KLCE202301423 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso número: MT2023CV00471<br><br>Sobre: Impericia Médica |
|---|---|---|

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 26 de febrero de 2024.

Comparece ante esta Curia la parte peticionaria, Mauro Iranzo González, y nos solicita que revoquemos la *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Arecibo, el 14 de noviembre de 2023. Mediante su dictamen, el foro *a quo* declaró No Ha Lugar la solicitud de desestimación promovida por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se expide el auto solicitado, se modifica y, así modificada, se confirma la *Resolución* recurrida. Veamos.

## I

El 10 de julio de 2023, Fernando Colón Serrano (Colón Serrano o recurrido) incoó una *Demanda* sobre daños y perjuicios por impericia médica en contra del doctor Mauro Iranzo González (Iranzo González o peticionario), Doctors' Center Hospital, Inc. (Doctors' Center), entre otros.[1] Señaló que, el 29 de marzo de 2018, se sometió a una operación con el doctor Iranzo González en Doctors' Center, la cual originó complicaciones en la herida producto de la operación hasta el 6 de febrero de 2020. En esencia, alegó que tanto Iranzo González como Doctors' Center eran

---

[1] Apéndice I del recurso, págs. 1-6.

Número Identificador

SEN2024 _____

responsables por haberse desviado del estándar aplicable a la profesión médica al no brindarle el tratamiento adecuado luego de dejarle varios objetos extraños dentro de su cuerpo, el último de ellos por casi dos (2) años. Arguyó que ello le causó dolores, daños continuos, constantes, innecesarios, infección, supuración diaria en la herida, uso de antibióticos en exceso, una intervención quirúrgica innecesaria y una hospitalización de diez (10) días que pudo ser evitada. Por otro lado, indicó en una nota al calce que había radicado una demanda original el 5 de febrero de 2021 en el Caso Núm. MT2021CV00061, la cual fue desestimada sin perjuicio mediante *Sentencia* del 15 de diciembre de 2022, notificada al día siguiente.[2] Sostuvo que presentó la acción de epígrafe nuevamente dentro del año de haberse desestimado la primera.

Luego de varios trámites procesales, el 16 de octubre de 2023, Iranzo González instó una *Moción en Solicitud de Desestimación por Prescripción*, al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, a la cual se unió Doctors' Center posteriormente.[3] Especificó que la demanda inicial incoada el 5 de febrero de 2021, se desestimó sin perjuicio porque no se diligenciaron los emplazamientos correspondientes dentro del término de ciento veinte (120) días, según requerido por las Reglas de Procedimiento Civil. Adujo que dicha acción interrumpió el término prescriptivo aplicable. No obstante, arguyó que el término aplicable de un (1) año comenzó a decursar el 10 de junio de 2021, fecha en que culminó de forma automática el proceso judicial al haber transcurrido el término para emplazar sin hacerlo. Planteó que el dictamen emitido en diciembre de 202[2] por el foro primario era una mera formalidad y no tenía efecto alguno con relación al plazo para volver a presentar la reclamación, ya que la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c), establecía que la causa de acción dejaba de existir automáticamente con el transcurso del término para emplazar. Abundó que dicho argumento

---

[2] Véase, Apéndice II y IV del recurso, págs. 7-12, 17-18.

[3] Apéndice V del recurso, págs. 19-28. Véase, además, Entrada Núm. 19 del Caso Núm. MT2023CV00471 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

encontraba su analogía con la Regla 39.1(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1, en la medida en que, ante un desistimiento voluntario, el término prescriptivo comenzaría a transcurrir en la fecha en la cual se presentara tal aviso y no cuando el tribunal emitiera la correspondiente sentencia a esos efectos. Sobre tal postura, argumentó que Colón Serrano tenía hasta el 10 de junio de 2023 para presentar nuevamente su causa de acción. En virtud de ello, sostuvo que, toda vez que la demanda de epígrafe se había incoado el 10 de julio de 2023, procedía la desestimación con perjuicio de la demanda de epígrafe por prescripción.

En desacuerdo, el 13 de noviembre de 2023, Colón Serrano se opuso.[4] Alegó que, contrario a lo propuesto por Iranzo González, la primera demanda fue desestimada sin perjuicio mediante sentencia notificada el 16 de diciembre de 2022, fecha en la cual comenzó a transcurrir el año para presentar nuevamente la acción, vencedero el 16 de diciembre de 2023. Sostuvo que la acción de epígrafe no estaba prescrita, ya que se instó el 10 de julio de 2023, aproximadamente siete (7) meses después de notificada la *Sentencia* desestimatoria del caso original. Argumentó que la Regla 4.3(c) de Procedimiento Civil, *supra*, disponía que, una vez transcurriera el término de ciento veinte (120) días para diligenciar el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación. Planteó que dicha regla no dispuso nada sobre la desestimación automática –sin la intervención del tribunal– pasado dicho término.

Asimismo, Colón Serrano adujo en su oposición que no existía interpretación jurisprudencial que sustentara las posturas de Iranzo González. Sobre ese particular, especificó que Iranzo González citó a *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018), en su solicitud de desestimación y se limitó a indicar que nuestro más Alto Foro había dejado claro que, una vez transcurrido el referido término sin diligenciar los emplazamientos, el foro de origen venía obligado a

---

[4] Apéndice VI del recurso, págs. 29-36.

desestimar la demanda de forma automática, sin concesión de prórroga alguna. Por el contrario, alegó que el citado caso sencillamente reiteró el contenido de la Regla 4.3(c) de Procedimiento Civil, *supra*, a los efectos de que el foro *a quo* venía obligado a desestimar pasados los ciento veinte (120) días sin diligenciar el emplazamiento, mas no establecía en ninguna parte que dicha desestimación era automática y surtía efectos desde que pasaba dicho término sin diligenciar. Señaló que tanto la regla como su jurisprudencia interpretativa dejaban claro el papel protagónico que tenía el tribunal sentenciador a los fines de implementar la desestimación. En cuanto a la analogía realizada por Iranzo González sobre el desistimiento voluntario, argumentó que era inaplicable porque el elemento de voluntariedad estaba ausente en el caso de autos, pues el no diligenciar el emplazamiento provenía de una falta de proactividad a pesar de existir un deseo de continuar con la demanda.

Evaluadas las posturas de las partes, el 14 de noviembre de 2023, el Tribunal de Primera Instancia emitió y notificó la *Resolución* que nos ocupa, mediante la cual declaró No Ha Lugar la solicitud de desestimación promovida por Iranzo González y Doctors' Center.[5] En esta, determinó que la acción de epígrafe no estaba prescrita, toda vez que el nuevo término prescriptivo había comenzado a decursar el 16 de diciembre de 2022, fecha en la cual se dictó sentencia en el Caso Núm. MT2021CV0006. En vista de ello, ordenó la continuación de los procedimientos.

Inconforme con el referido dictamen, el 14 de diciembre de 2023, la parte peticionaria compareció ante esta Curia mediante el presente recurso de *certiorari* y le imputó al foro primario la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia, que amerita su revisión y revocación[,] al negarse a dictar Sentencia Parcial desestimatoria en cuanto al Dr. Mauro Iranzo González.

> Erró el Tribunal de Primera Instancia, que amerita su revisión y revocación[,] al declarar No Ha Lugar a la solic[i]tud de desestimación y determinar que no es hasta que el Tribunal

---

[5] Apéndice VII del recurso, pág. 37.

de Instancia emite Sentencia es que *[sic]* comienzan a decursar los términos para acciones ulteriores.

En cumplimiento con nuestra *Resolución* del 18 de diciembre de 2023, y luego de solicitar una prórroga a esos efectos, la parte recurrida compareció mediante *Oposición a Petición de Certiorari* el 4 de enero de 2024.

Con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

**II**

**A**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando

se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145, resuelto el 19 de diciembre de 2023; *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co*., 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B**

Nuestro ordenamiento jurídico promueve el interés de que todo litigante tenga su día en corte. Esta postura responde al principio fundamental y política judicial de que los casos se ventilen en sus méritos y se resuelvan de forma justa, rápida y económica. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1; *Banco Popular v. S.LG. Negrón*, 164 DPR 855, 874 (2005); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992); *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1052 (1993). No obstante, nuestro ordenamiento permite la presentación de mociones dispositivas con el propósito de que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio en su fondo. Los tribunales tienen el poder discrecional, bajo las Reglas de

Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte; sin embargo, ese proceder se debe ejercer juiciosa y apropiadamente. *Maldonado v. Srio. de Rec. Naturales,* 113 DPR 494, 498 (1982). Es decir, la desestimación de un pleito constituye el último recurso al cual se debe acudir. *S.L.G. Sierra v. Rodríguez,* 163 DPR 738 (2005).

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es aquella que formula la parte demandada antes de presentar su alegación responsiva, mediante la cual solicita que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería*, 167 DPR 625, 649 (2006). Dicho petitorio deberá basarse en uno de los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065-1066 (2020).

**C**

La prescripción es un asunto de derecho sustantivo y no procesal. *García Pérez v. Corp. Serv. Mujer*, 174 DPR 138, 147 (2008); *Padín v. Cía. Fom. Ind.*, 150 DPR 403, 410 (2000). En ese sentido, el Artículo 1830 del Código Civil de Puerto Rico de 1930,[6] 31 LPRA sec. 5241, establece que los derechos y las acciones se extinguen por medio de la prescripción. *Santos de García v. Banco Popular*, 172 DPR 759, 766 (2007). A tales efectos, el Artículo 1861 del Código Civil de Puerto Rico, 31 LPRA sec. 5291, dispone que "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley". *Nevárez Agosto v. United Surety et al.*, 209 DPR 346 (2022); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1067 (2020).

---

[6] El derecho aplicable en el caso de autos se remite al Código Civil de Puerto Rico de 1930, 31 LPRA sec. 1 *et seq.* (derogado), toda vez que nos encontramos ante hechos ocurridos con anterioridad a la aprobación y vigencia del Código Civil de Puerto Rico de 2020, Ley Núm. 55-2020, 31 LPRA sec. 5311 *et seq.*

El propósito de la figura de la prescripción extintiva es ponerles certidumbre a las relaciones jurídicas y castigar la inacción de quien no ejerce sus derechos de manera oportuna. *Birriel Colón v. Econo y otros*, 2023 TSPR 120, 213 DPR __ (2023); *Santos de García v. Banco Popular*, supra. Así, pues, esta figura busca evitar la extensión indefinida e innecesaria de la protección del poder público, dando paso a que opere una presunción legal de abandono, cuando el término legal dispuesto para una acción en específico transcurra sin que medie gestión alguna por parte de su acreedor.

Los términos prescriptivos varían según el tipo de derecho o acción. En lo pertinente al caso de autos, el Código Civil de Puerto Rico establece que las acciones de responsabilidad civil extracontractual prescriben por el transcurso de un (1) año. 31 LPRA sec. 5298; *Birriel Colón v. Econo y otros*, supra. Dicho término prescriptivo se computa de conformidad con la teoría cognoscitiva del daño adoptada por el Tribunal Supremo de Puerto Rico en *Colón Prieto v. Géigel*, 115 DPR 232, 243-247 (1984).

El estado de derecho permite la interrupción de los términos prescriptivos mediante tres mecanismos expresamente determinados por ley. *Nevárez Agosto v. United Surety et al.*, supra; *Conde Cruz v. Resto Rodríguez et al.*, supra. A estos fines, el Artículo 1873 del Código Civil de 1930, 31 LPRA sec. 5303, dispone que la prescripción de las acciones se interrumpe por el ejercicio ante los tribunales, por reclamación extrajudicial de la persona acreedora y por cualquier otro acto de reconocimiento de la deuda por la persona deudora. *Íd.*; *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros*, 2024 TSPR 10, resuelto el 7 de febrero de 2024; *Díaz Santiago v. International Textiles*, 195 DPR 862 (2016).

En lo aquí atinente, cuando se produce una interrupción judicial, el efecto cronológico primordial es que el término se congela por completo, "de manera que el nuevo término prescriptivo iniciará cuando culmine efectivamente el proceso judicial" iniciado. *Díaz Santiago v. International*

*Textiles*, supra, pág. 869. Es decir, el momento crucial en el cual ocurre la reactivación y el transcurso del término prescriptivo es cuando termina definitivamente el reclamo ejercido originalmente. *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros*, supra. En específico, en aquellos casos en que la culminación efectiva requiere la intervención del tribunal, el nuevo término comenzará a contarse desde que el foro judicial emite una sentencia y esta adviene final y firme. *Íd.*; *Durán Cepeda v. Morales Lebrón*, 112 DPR 623 (1982).

**D**

El Artículo II, Sección 7 de la Constitución del Estado Libre Asociado de Puerto Rico, LPRA, Tomo 1, prohíbe que cualquier persona sea privada de su libertad o propiedad sin el debido proceso de ley. Esta garantía está consagrada también en las Enmiendas V y XIV de la Constitución de los Estados Unidos. *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881 (1993). De conformidad con la cláusula constitucional del debido proceso de ley, un tribunal solo actuará sobre la persona de un demandado o demandada cuando haya adquirido jurisdicción sobre este o esta. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636 (2021); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018). Véase, además, *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379 (2021).

Reiteradamente, nuestro Alto Foro ha expresado que, como regla general, nuestro ordenamiento jurídico reconoce el emplazamiento como el mecanismo procesal mediante el cual un tribunal adquiere jurisdicción *in personam*. *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros*, 2024 TSPR 10, resuelto el 7 de febrero de 2024; *Martajeva v. Ferré Morris y otros*, 210 DPR 612 (2022); *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* supra; *Bernier González v. Rodríguez Becerra*, supra; *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458, 467 (2017). El propósito del emplazamiento es notificarle a la parte demandada que se ha presentado una acción judicial en su contra, a la vez que se le llama para que ejerza su derecho a ser oída y defenderse. *Íd.* En virtud de ello, y

por estar revestido de una de las mayores garantías constitucionales, nuestro sistema de derecho exige que, tanto su forma como su diligenciamiento, cumplan estrictamente con los requisitos legales provistos. De este modo, si se prescinde de los mismos, la sentencia que en su día recaiga carecerá de validez. *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005); *Quiñones Román v. Cía ABC*, 152 DPR 367, 374 (2000).

En lo pertinente, la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4, regula lo relacionado a los emplazamientos. Específicamente, su inciso (c) dispone un término improrrogable de ciento veinte (120) días para diligenciar el emplazamiento, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. En particular, dicha regla establece lo siguiente:

[…]

(c) El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio**. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. 32 LPRA Ap. V, R. 4.3(c). (Énfasis nuestro).

Surge del citado inciso que, si el Secretario o Secretaria no expide los emplazamientos el mismo día en que se presenta la demanda, el tiempo que demore será el mismo término adicional que los tribunales otorgarán para diligenciar los emplazamientos, una vez la parte demandante oportunamente haya presentado una solicitud de prórroga. Ello, constituye la única ocasión de excepción en la cual el tribunal competente proveerá para una extensión del plazo legal establecido. Al respecto, nuestro Tribunal Supremo explicó en *Bernier González v. Rodríguez Becerra*, supra, pág. 650, que:

[L]a propia [R]egla [4.3(c) de Procedimiento Civil, *supra*,] establece que el tiempo que se demore la Secretaría en expedir los emplazamientos será el mismo tiempo adicional que otorgarán los tribunales, nos lleva a concluir que no se trata de solicitar una prórroga como tal. Más bien, se trata del deber de presentar una moción al tribunal solicitando la expedición de los emplazamientos. En consecuencia, una vez la Secretaría expide el emplazamiento, entonces comenzará a transcurrir el término de 120 días. Por eso, no se trata en realidad de una prórroga debido a que, en ninguna de estas circunstancias, la parte contará con más de 120 días.

De transcurrir el término de los ciento veinte (120) días, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. 32 LPRA Ap. V, R. 4.3(c). Sobre ello, nuestro Tribunal Supremo ha manifestado que "[e]ste término es improrrogable, [por lo que], si en 120 días [la parte] demandante no ha podido diligenciar el emplazamiento automáticamente[,] se desestimará su causa de acción". *Bernier González v. Rodríguez Becerra*, supra, pág. 649. Ello resulta a manera de sanción por no haberse desplegado una diligencia razonable en adquirir jurisdicción sobre la persona de la parte demandada en el pleito, eventualidad que incide en el principio rector de resolver las controversias de forma justa, rápida y económica de nuestro ordenamiento procesal civil. 32 LPRA Ap. V, R. 1. A su vez, implica que, como consecuencia, el tribunal no adquiere jurisdicción sobre la persona. *Bernier González v. Rodríguez Becerra*, supra.

Ahora bien, en cuanto a lo dispuesto en *Bernier González* en torno a la desestimación automática, nuestro más Alto Foro especificó recientemente en *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros*, supra, que ello se relacionó en el contexto de la no concesión de prórroga para diligenciar el emplazamiento.

En *Ross Valedón*, el Tribunal Supremo de Puerto Rico aclaró el lenguaje de la Regla 4.3(c) de Procedimiento Civil, *supra*, en cuanto a que "el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio". Sobre ese particular, expresó que de la propia regla:

se desprende claramente que la desestimación aludida cobra eficacia en aquella instancia en la que [la parte] demandante no diligenció los emplazamientos dentro del término de 120 días. No obstante, enfatizamos que eso no significa que desde el momento en que no se emplazó la acción se

desestima por sí sola, ya que es claro que **es indispensable la intervención judicial** así dictaminándolo. Dicho de otro modo, **la desestimación y el archivo sin perjuicio contenidos en la regla antes aludida exige necesariamente que el foro judicial en cuestión emita la correspondiente sentencia con esa finalidad**. *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros*, supra, pág. 11. (Énfasis nuestro).

Asimismo, en una nota al pie de página, el último Foro revisor hizo hincapié en que la intervención judicial en dicho escenario se acuñó con la aprobación de las Reglas de Procedimiento Civil de 2009, toda vez que, mediante el cuerpo reglamentario civil anterior se disponía que, una vez transcurrido el término sin que los emplazamientos hubieren sido diligenciados, se tendría a la parte actora por desistida, con perjuicio. Por consiguiente, dicho Foro pautó sin ambages que, ante un primer incumplimiento con el término de ciento veinte (120) días para diligenciar los emplazamientos, los tribunales están obligados a dictar prontamente una sentencia decretando la desestimación y el archivo sin perjuicio de la reclamación judicial. *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros*, supra, pág. 12. Es decir, la desestimación mandatoria por incumplir con los requisitos de la Regla 4.3(c) de Procedimiento Civil, *supra*, no cobra eficacia automáticamente, sino que requiere que el tribunal de origen intervenga prontamente y emita una sentencia desestimando y archivando el caso, después de cerciorarse que así proceda. *Íd.*, pág. 15.

Por otro lado, en *Ross Valedón* nuestro Tribunal Supremo determinó cuándo comienza a transcurrir nuevamente el término prescriptivo interrumpido por una reclamación original en el contexto antes descrito. En particular, resolvió que **cuando una reclamación judicial interruptora se archiva sin perjuicio, debido al incumplimiento con el emplazamiento de conformidad con lo dispuesto en la Regla 4.3(c) de Procedimiento Civil,** *supra*, **el término prescriptivo para incoar un reclamo judicial comenzará a decursar nuevamente cuando tal determinación advenga final y firme**. *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros*, supra, pág. 18.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte peticionaria sostiene, como primer señalamiento de error, que el Tribunal de Primera Instancia incidió al no desestimar la acción de epígrafe a su favor. En su segundo y último señalamiento de error, plantea que el foro *a quo* erró al determinar que el término prescriptivo para acciones ulteriores comienza a decursar cuando se emite la sentencia. En esencia, argumenta que dicho término comenzó a transcurrir nuevamente cuando venció el plazo de ciento veinte (120) días para emplazar en la primera demanda, por lo que el caso de autos está prescrito y procede desestimarlo.

Hemos evaluado cuidadosamente el expediente ante nuestra consideración y entendemos que, conforme a la normativa aplicable, tenemos autoridad para atender el asunto ante nuestra consideración en aras de evitar un fracaso a la justicia. De igual forma, el recurso ante nos cumple con los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, por lo que procede expedir el auto de *certiorari* y modificar el dictamen recurrido. Nos explicamos.

Según detallado, el Tribunal Supremo de Puerto Rico recientemente pautó sin ambages en *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros*, supra, que ante un primer incumplimiento con el término de ciento veinte (120) días para diligenciar los emplazamientos, los tribunales están obligados a dictar prontamente una sentencia decretando la desestimación y el archivo sin perjuicio de la reclamación judicial. Es decir, **la desestimación mandatoria por incumplir con los requisitos de la Regla 4.3(c) de Procedimiento Civil, *supra*, no cobra eficacia automáticamente, sino que requiere que el tribunal de origen intervenga prontamente y emita una sentencia desestimando y archivando el caso**, después de cerciorarse que así proceda. Por otro lado, resolvió que cuando una reclamación judicial

interruptora se archiva sin perjuicio, debido al incumplimiento con el emplazamiento de conformidad con lo dispuesto en la Regla 4.3(c) de Procedimiento Civil, *supra*, **el término prescriptivo para incoar un reclamo judicial comenzará a decursar nuevamente cuando tal determinación advenga final y firme**.

Surge del expediente ante nos que, el foro de origen notificó su *Sentencia* archivando sin perjuicio la primera acción, Caso Núm. MT2021CV00061, el 16 de diciembre de 2022. De esta determinación no se recurrió a Foro revisor alguno. Por tanto, tal determinación advino final y firme el 16 de enero de 2023.[7] Habiéndose incoado la segunda *Demanda* el 10 de julio de 2023, concluimos que esta se presentó dentro del término de un (1) año desde que la primera acción advino final y firme. Es decir, la acción de epígrafe instada por el recurrido no está prescrita, según lo resuelto correctamente por el foro *a quo*.

Ahora bien, en el caso de autos, el Tribunal de Primera Instancia fundamentó la determinación recurrida en que el nuevo término prescriptivo había comenzado a decursar el 16 de diciembre de 2022, fecha en la cual se dictó sentencia en la primera demanda, contrario a lo recientemente resuelto por nuestro Tribunal Supremo en *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros*, supra. Ante dicho escenario, y de conformidad con el estado de derecho actual, procede expedir el auto de *certiorari*, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*, y modificar la determinación recurrida a los únicos efectos de aclarar que, según lo pautado por nuestro más Alto Foro en *Ross Valedón*, el término prescriptivo en cuestión comenzó a decursar cuando la primera acción advino final y firme. Así modificada, procede confirmar la *Resolución* recurrida.

---

[7] Cabe destacar que el término de treinta (30) días para apelar venció el domingo, 15 de enero de 2023, por lo que el próximo día hábil para ello fue el lunes, 16 de enero de 2023.

**IV**

Por los fundamentos que anteceden, expedimos el auto solicitado y modificamos el dictamen recurrido, a los únicos fines de aclarar que el término prescriptivo en cuestión comenzó a decursar cuando la primera acción advino final y firme. Así modificada, confirmamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones